Wisconsin DEPARTMENT OF TRANSPORTA-
TION, Plaintiff-Respondent,

v.

OFFICE OF the COMMISSIONER OF TRANS-
PORTATION, Defendant-Co-Appellant,

OLSON, INC., of Oconomowoc, Defendant-Appellant.

Court of Appeals

*No. 89-2312. Submitted on briefs July 18, 1990.—Decided
November 21, 1990.*

(Also reported in 463 N.W.2d 870.)

For the defendant-co-appellant the cause was submitted on the briefs of *Donald J. Hanaway,* attorney general, and *Burneatta L. Bridge,* assistant attorney general.

For the defendant-appellant the cause was submitted on the briefs of *Gary L. Antoniewicz* and *Leslie F. Kramer* of *Tomlinson, Gillman, Travers & Gress, S.C.* of Madison.

For the plaintiff-respondent the cause was submitted on the briefs of *Frederick G. Wisner,* assistant general counsel, and *John J. Sobotik,* assistant general counsel for the *Wisconsin Department of Transportation.*

Brief of Amicus Curiae of the Wisconsin Automobile and Truck Dealers Association, Inc., *Paul R. Norman* and *Bonnie A. Wendorff* of *Boardman, Suhr, Curry & Field* of Madison.

Before Eich, C.J., Dykman and Sundby, JJ.

SUNDBY, J.   In this appeal, we decide that the Office of the Commissioner of Transportation may grant an application for a motor vehicle dealer's license under sec. 218.01(3)(b), Stats., without deferring to the Department of Transportation's decision to deny the application. We therefore reverse the circuit court's order.

Mart Olson and Olson, Inc. (Olson) filed a timely application to renew a motor vehicle dealer's license. The department denied Olson's application. Olson peti-

tioned the commissioner to conduct a hearing to review the department's denial, pursuant to sec. 218.01(3)(b), Stats. An examiner issued a proposed decision affirming the department. The commissioner, however, found that although Olson violated certain regulations, the violations were not sufficient to deny renewal of Olson's license. The commissioner therefore concluded that the department's denial of Olson's application was not reasonable and reversed the denial.

The department issues motor vehicle dealer's licenses. Sec. 218.01(1a), Stats. All such licenses expire, unless sooner revoked or suspended, on December 31 of the calendar year for which they are granted. Sec. 218.01(2)(c)1, Stats.[1] Therefore, Olson was required to reapply annually to renew his license. The department denied Olson's renewal application under section 218.01(3)(b) which provides:

> The licensor may without notice deny the application for a license within 60 days after receipt thereof by written notice to the applicant, stating the grounds for such denial. Within 30 days after such notice, the applicant may petition the office of the commissioner of transportation to conduct a hearing to review the denial, and a hearing shall be scheduled with reasonable promptness.

The department argues that once the commissioner found that there was evidence to support the department's denial, the commissioner was required to affirm

---

[1]Section 218.01(2)(c)1, Stats., was amended by sec. 2484f, 1989 Wis. Act 31, effective August 9, 1989. The amendment strikes the legislatively mandated expiration and allows the commissioner's office to promulgate rules establishing the license period and expiration dates for motor vehicle dealers' licenses. *See* sec. 218.01(2)(cm)2 and 3, Stats. These amendments do not apply to this case.

the department. The commissioner argues that, under sec. 218.01(3)(b), Stats., the commissioner reviewed the department's decision *de novo* and could substitute its judgment for that of the department. We agree.

Olson contends that sec. 218.01(3)(b), Stats., is ambiguous. The circuit court agreed. However, any ambiguity in sec. 218.01(3)(b) is resolved by sec. 218.01(3)(g) which provides: "Any person in interest aggrieved by a decision of the office of the commissioner of transportation may have a review thereof as provided in ch. 227 . . . .." We conclude that deferential review of the department's decision to deny a license application is incompatible with judicial review of the commissioner's decision under ch. 227, Stats.

■

The circuit court's review of the commission's decision under ch. 227, Stats., is confined to the record. Sec. 227.57(1), Stats. Under sec. 218.01(3)(b), Stats., however, no record is made before the department. The only record is made before the commissioner. Section 227.47 requires that the commissioner make a decision accompanied by findings of fact which "shall consist of a concise and separate statement of the ultimate conclusions upon each material issue of fact . . . .." The factual basis of the commissioner's decision "shall be solely the evidence and matters officially noticed." Sec. 227.44(9). The reviewing court must apply the scope of review under sec. 227.57 to the commission's findings of fact and conclusions of law. Section 227.57(6) precludes the reviewing court from substituting its judgment for that of the agency as to the weight of the evidence on any disputed finding of fact.

■

Under the department's view, the commissioner cannot make independent findings of fact but may only

determine whether the department's findings are supported by substantial evidence. The reviewing court cannot determine the substantiality of the evidence supporting the department's findings because no record is made before the department. According to the department, the reviewing court cannot review the substantiality of the commissioner's findings because the commissioner does not make findings but merely reviews the department's findings. It is not reasonable to conclude that the legislature intended such a result. An unreasonable construction or application of a statute is to be avoided. *Currie v. Schwalbach,* 132 Wis. 2d 29, 42, 390 N.W.2d 575, 580 (Ct. App. 1986), *aff'd,* 139 Wis. 2d 544, 407 N.W.2d 862 (1987).

Our conclusion is supported by the legislative history of sec. 218.01(3), Stats. Section 218.01, Stats., was created by ch. 474, Laws of 1935. The Banking Commission could deny, suspend or revoke a motor vehicle dealer's license upon notice and opportunity to be heard before the commission. Sec. 218.01(3)(b), Stats. (1935). Hearings before the commission and appeals from commission orders were governed by various statutory procedures adopted by reference (sec. 218.01(3)(g), Stats. (1935)), there being no Administrative Procedure Act at that time.

In 1937, the Banking Commission's authority over issued licenses was split. Section 218.01(3)(b), Stats. (1937), gave the commission the power to deny an application for a license, subject to a hearing upon request; sec. 218.01(3)(c) required the commission to hold a hearing before it suspended or revoked a license. The inference is that the legislature saw no need to require a prior hearing before denying an application for what could be a new license.

In 1943, the Motor Vehicle Department was substituted for the Banking Commission as the licensor which could issue, deny, suspend or revoke motor vehicle dealers' licenses. Secs. 4–6, ch. 219, Laws of 1943. In 1943, the Administrative Procedure Act was created and the department's orders were made subject to judicial review under ch. 227, Stats. Ch. 375, Laws of 1943; sec 14, ch. 515, Laws of 1943. The latter act repealed sec. 218.01(3)(g), Stats. (1941), apparently leaving to the department the discretion to prescribe hearing procedures.

After several metamorphoses, the Department of Transportation and the Transportation Commission were ultimately assigned program responsibilities under sec. 218.01, Stats. In 1981, the Transportation Commission was retitled the Office of the Commissioner of Transportation. Sec. 3, ch. 347, Laws of 1981.

In 1977, the ambiguity in sec. 218.01(3)(b), Stats., was created. Until then it was clear that wherever the licensing function was lodged—the Banking Commission, the Motor Vehicle Department, the Motor Vehicle Division, or the Department of Transportation—the licensor held the hearing on a license denial, suspension or revocation, and, since 1943, the licensor's order was subject to ch. 227, Stats., review.

In 1977, secs. 218.01(3)(b), (c) and (g), Stats., were amended as follows:

> (b) The licensor may without notice deny the application for a license within 60 days after receipt thereof by written notice to the applicant, stating the grounds for such denial. ~~Upon request by the applicant, whose license has been so denied, the licensor shall set the time and place of hearing a review of such denial, the same to be heard with reasonable promptness.~~ Within 30 days after such notice, the

applicant may petition the transportation commission to conduct a hearing to review the denial, and a hearing shall be scheduled with reasonable promptness.

(c) No license ~~shall~~ <u>may</u> be suspended or revoked except after a hearing thereon. The licensor shall give the licensee at least 5 days' notice of the time and place of such hearing. The order suspending or revoking such license shall not be effective until after 10 days' written notice thereof to the licensee, after such hearing has been had; except that the licensor, when in its opinion the best interest of the public or the trade demands it, may suspend a license upon not less than 24 hours' notice of hearing and with not less than 24 hours' notice of the suspension of the license. <u>Matters involving suspensions or revocations brought before the department shall be heard and decided upon by the transportation commission.</u>

(g) Any person in interest aggrieved by ~~an order of the division~~ <u>a decision of the transportation commission</u> may have a review thereof as provided in ch. 227 or aggrieved by an order of the commissioner may have a review thereof as provided in s. 220.037.

Secs. 1366, 1367 and 1368, ch. 29, Laws of 1977.

The interlined material was stricken by the amendments and the underscored material was added. The department argues that the legislature intended by these amendments to make the Transportation Commission the decisionmaker as to suspensions and revocations of licenses but to make the department the decisionmaker as to license denials, subject to the commission's deferential review. We disagree. We conclude that the legislature intended to continue the procedure that had been in effect since the licensing law was created in 1935, with the hearing held by the ultimate decisionmaker, whose

277

decision was subject to judicial review. The purpose of the 1977 amendments was to separate the administrative and prosecutorial functions of the department from its adjudicative functions.

The circuit court did not reach the merits of the commissioner's decision, because it concluded that the commissioner had exceeded his review authority. We therefore reverse the circuit court's order and remand this cause to the court to review the commissioner's decision under ch. 227, as sec. 218.01(3)(g), Stats., requires.

*By the Court.*—Order reversed and cause remanded with directions.