Wisconsin DEPARTMENT OF TRANSPORTA-
TION, Petitioner-Appellant-Cross Respondent,

v.

OFFICE OF the COMMISSIONER OF TRANS-
PORTATION, Respondent-Cross Respondent,

SKYCOM, INC., a Wisconsin corporation, Intervenor-
Respondent-Cross Appellant.

Court of Appeals

*No. 90-2203. Submitted on briefs April 4, 1991.—Decided
December 12, 1991.*

(Also reported in 479 N.W.2d 193.)

For the petitioner-appellant-cross respondent the cause was submitted on the briefs of *Donald J. Hanaway,* former attorney general, *James E. Doyle,* present attorney general, *Jerry L. Hancock,* assistant attorney general, *Robert A. Selk,* assistant attorney general, and *L. Joseph Maassen,* deputy general counsel.

For the respondent-cross respondent the cause was submitted on the briefs of *Mark F. Kaiser,* legal counsel for the *Office of the Commissioner of Transportation.*

For the intervenor-respondent-cross appellant the cause was submitted on the briefs of *Raymond M. Roder* of *Whyte & Hirschboeck* of Madison.

Before Eich, C.J., Gartzke, P.J., and Sundby, J.

SUNDBY, J. The Wisconsin Department of Transportation appeals under sec. 227.58, Stats., from an order of the circuit court affirming a decision and order of the Office of the Commissioner of Transportation. On January 12, 1990, after a contested case hearing, the commissioner ordered the department's Bureau of Aeronautics to issue a permit to Skycom, Inc. to erect a tall tower for the purpose of transmitting television

signals. The bureau had denied Skycom's application. Skycom cross-appeals. We affirm.

Although the parties raise other issues, the dispositive issue is whether the trial court and this court are required to defer to the bureau's decision to deny Skycom's application. The department claims that the bureau has discretion under sec. 114.135(6), Stats., to grant or deny high-structure permits and that under *Nelson Bros. Furniture Corp. v. DOR,* 152 Wis. 2d 746, 449 N.W.2d 328 (Ct. App. 1989), the reviewing courts must defer to its discretionary decision. We conclude that *Nelson Bros.* is inapposite.

We further conclude that the trial court could not defer to the bureau's decision, nor can this court, because no record was made of the bureau's exercise of its decisionmaking authority which may be reviewed under ch. 227, Stats. This case is therefore controlled by our decision in *DOT v. Office of Comm'r of Transp.,* 159 Wis. 2d 271, 463 N.W.2d 870 (Ct. App. 1990).

## BACKGROUND

On June 8, 1987, Skycom applied to the bureau for a permit under sec. 114.135(6), Stats., to erect a high structure. The application was on a form provided by the bureau which recites that the application is also made under Wisconsin Administrative Code ch. Aer 3.01. The bureau did not hold a hearing on Skycom's application.

On January 24, 1989, the bureau denied Skycom's application "[i]n accordance with Wisconsin Statute 114.135(7)." The bureau's denial letter states that the Secretary of Transportation has delegated the responsibility for administering sec. 114.135, Stats., to the bureau. The letter states: "Our denial is based on the

151

adverse impact on safe navigation of aircraft operating under visual flight rules."

The bureau offered Skycom the opportunity to resubmit an application for a tower of reduced height. The bureau's letter concluded: "Should you not wish to reapply at the reduced height after reviewing this letter, please advise this office in writing. A hearing before the Transportation Commission on this matter will be scheduled." Skycom advised the bureau that it did not wish to reapply for a permit at a reduced height. Therefore, on March 9, 1989, the bureau referred Skycom's application and the bureau's denial to the commissioner for hearing, citing sec. 114.315, Stats. A contested case hearing was held before a hearing examiner at which the bureau and Skycom presented evidence.

On January 12, 1990, the commissioner issued his decision in which he found that construction of the proposed structure would not prevent maintenance of the air space in conditions best suited for air travel. The commissioner concluded that his office had jurisdiction to hear the matter pursuant to secs. 114.135 and 114.315, Stats. He ordered the bureau to issue Skycom the permit for which it had applied.

## PERMITTING PROCEDURE

Section 114.135(6), Stats., provides: "No person shall erect anywhere in this state any building, structure, tower or any other object the height of which exceeds the limitations set forth in sub. (7) without first filing an application and procuring a permit from the secretary of transportation." Neither the commissioner nor Skycom disputes the department's assertion that the secretary has delegated to the bureau the secretary's authority

under sec. 114.135(6) to issue permits to erect high structures.

■

The statutes do not provide how the secretary of transportation shall process an application for a high-structure permit. The only procedural guideline is provided by Wisconsin Administrative Code, ch. Aer 3. Section Aer 3.01(2) provides: "Upon receipt of every application which complies with [sec. 114.135(6), Stats.], and after such investigation as the *commission* deems necessary, the *commission* will either grant such permit with such conditions as it deems necessary for the safe operation of aircraft *or notify the applicant of a time and place for hearing.*" (Emphasis added.) Chapter Aer 3 became effective May 1, 1956. Wisconsin Adm. Reg., No. 4 (April 1956). We conclude that "commission" now refers to the secretary of transportation.

In 1956, the state airport system was under the supervision of the state aeronautics commission, sec. 114.01, Stats. (1955), which was a state agency, sec. 114.30, Stats. (1955). To obtain a permit to erect a high structure, a person filed an application with and obtained a permit from the aeronautics commission. Section 114.135(6), Stats. (1955). The aeronautics commission was abolished by sec. 23, ch. 500, Laws of 1969. Section 114.135(6) was amended to correct the reference therein from "state aeronautics commission" to "secretary of transportation." Section 30(1)(b), ch. 500, Laws of 1969. A note to sec. 114.30, Stats., indicates that the statute was repealed and states that the provisions of ch. 114 are now administered by the Department of Transportation. Wisconsin Stat. Ann. sec. 114.30 (West 1988).

Wisconsin Adm. Code ch. Aer 3 has not, however, been amended to reflect these changes. Nonetheless, sec.

Aer 3.01(2) must be construed so that "commission" now means "secretary of transportation."

When the aeronautics commission administered sec. 114.135(6), Stats., the commission issued the permit or, if it did not, gave the applicant a hearing before the commission. *See State v. Chippewa Cable Co.,* 21 Wis. 2d 598, 124 N.W.2d 616 (1963), where the court said: "The rule [Wis. Adm. Code sec. Aer 3.01] contemplates that there shall not be a final denial of an application without a hearing, and the statute provides for judicial review. It seems to us that the commission should have held *its* hearing long before the answer was served." *Id.* at 607, 124 N.W.2d at 621 (footnotes omitted) (emphasis added).

Here, the secretary of transportation, acting through the bureau of aeronautics, did not hold a hearing on Skycom's application. It referred the application and its denial of the application to the commissioner for hearing. Whether the secretary may refer applications for permits under sec. 114.135(6), Stats., to the commissioner for hearing is not an issue in this appeal. We note, however, that sec. 189.02, Stats., provides in part:

. . ..
(4) Any hearing granted by the department pursuant to a request therefor under s. 227.42 shall be conducted before the office [of the commissioner of transportation] which shall decide the matter.

. . ..
(6) The secretary may request the office [of the commissioner of transportation] to hold hearings and advise the secretary on transportation plans, policies, goals, priorities and programs, *including such hearings as may be required for . . . airport . . . matters.* [Emphasis added.]

154

The record does not contain a request by Skycom for a hearing under sec. 189.02(4), Stats. The parties have not briefed the issue and we do not decide whether under sec. 189.02(6), Stats., the secretary may request that the commissioner hold the hearing provided for under Wis. Adm. Code ch. Aer 3. The parties have conceded that Skycom's application and the bureau's denial of that application were properly before the commissioner for hearing and decision.

## ANALYSIS

The department states: "The critical issue in this case is the appropriate standard of review." The department argues that the bureau's decision to deny Skycom's application to construct a high structure "must be upheld because it is reasonable and supported by substantial evidence." The department argues that this result is compelled by *Nelson Bros. Furniture Corp. v. DOR,* 152 Wis. 2d 746, 449 N.W.2d 328 (Ct. App. 1989). We disagree.

*Nelson Bros.* involved a decision of the Wisconsin Tax Appeals Commission reviewing a determination of the Department of Revenue. Section 71.07(2), Stats. (1985-86), directed the department to determine whether to allow a multi-state business to deviate from the statutorily prescribed accounting method for determining its Wisconsin income. We said:

> Given that statute, the [tax appeals] commission, when reviewing the department's action, was not called upon to consider the evidence in order to make its own determination—its own choice—of the proper accounting method . . .. Rather, the commission was determining whether the department abused the discretion expressly granted by the statute when

> *it* made the choice. As a result, we owe no deference to the commission's conclusions.

*Id.* at 755, 449 N.W.2d at 331 (emphasis in original).

Here, there is no statute giving the bureau discretion to select between *specific* alternatives. The decisionmaking authority of the bureau under sec. 114.135(6), Stats., is no different from the authority exercised by many state agencies under statutes directing them to grant or deny permits. *Nelson Bros.* does not establish a new standard of review which we must apply to the decisionmaking discretion a state agency is authorized or directed to exercise in granting or denying a permit or license.

■

In *DOT v. Office of Comm'r of Transp.*, 159 Wis. 2d 271, 463 N.W.2d 870 (Ct. App. 1990), we rejected the argument the department makes here. In that case the department denied a motor vehicle dealer's application to renew its license. The statute, sec. 218.01(3)(b), provided that within thirty days after notice of denial, the applicant could petition the commissioner to conduct a hearing to review the denial. The department argued that once the commissioner found that there was evidence to support the department's denial, the commissioner was required to affirm the department. We concluded that deferential review of the department's decision to deny a license application was incompatible with judicial review of the commissioner's decision under ch. 227, Stats. *Id.* at 274, 463 N.W.2d at 872. We likewise conclude that deferential review of the bureau's decision to deny Skycom's application is incompatible with judicial review of the commissioner's decision under ch. 227, Stats.

We said in *DOT*:

156

The circuit court's review of the commission's decision under ch. 227, Stats., is confined to the record. Sec. 227.57(1), Stats. Under sec. 218.01(3)(b), Stats., however, no record is made before the department. The only record is made before the commissioner. Section 227.47 requires that the commissioner make a decision accompanied by findings of fact which "shall consist of a concise and separate statement of the ultimate conclusions upon each material issue of fact . . .." The factual basis of the commissioner's decision "shall be solely the evidence and matters officially noticed." Sec. 227.44(9). The reviewing court must apply the scope of review under sec. 227.57 to the commission's findings of fact and conclusions of law. Section 227.57(6) precludes the reviewing court from substituting its judgment for that of the agency as to the weight of the evidence on any disputed finding of fact.

Under the department's view, the commissioner cannot make independent findings of fact but may only determine whether the department's findings are supported by substantial evidence. The reviewing court cannot determine the substantiality of the evidence supporting the department's findings because no record is made before the department. According to the department, the reviewing court cannot review the substantiality of the commissioner's findings because the commissioner does not make findings but merely reviews the department's findings. It is not reasonable to conclude that the legislature intended such a result. An unreasonable construction or application of a statute is to be avoided. *Currie v. Schwalbach*, 132 Wis. 2d 29, 42, 390 N.W.2d 575, 580 (Ct. App. 1986), *aff'd*, 139 Wis. 2d 544, 407 N.W.2d 862 (1987).

*DOT*, 159 Wis. 2d at 274-75, 463 N.W.2d at 872.

157

We acknowledge the bureau's expertise. It is staffed with pilots and engineers who by training and experience are well qualified to evaluate both the aeronautic and structural aspects of proposed high structures. The department may be correct that the bureau has more expertise than the commissioner. That, however, is not the point. The reviewing courts must have a record to judge whether the agency's expertise has been properly applied and its discretion properly exercised.

We do not hold that a decision of the bureau under sec. 114.135(6), Stats., is not an administrative decision subject to review under ch. 227, Stats. Section 114.315, Stats., provides: "Orders of the secretary of transportation shall be subject to review in the manner provided in ch. 227." Further, we do not decide whether the bureau must refer a denial of an application under sec. 114.135(6) to the commissioner for hearing. In this case, the bureau referred the matter to the commissioner for a hearing. Thereafter, the only record which could be reviewed by the trial court and this court was the record made before him. We therefore affirm the order of the trial court affirming the decision and order of the commissioner.

*By the Court.*—Order affirmed.