Mary A. Kowalski, Plaintiff-Appellant,
v.
Pinewood Supper Club and Labor and Industry Review Commission, Defendants-Respondents.
No. 2005AP1213.
Court of Appeals of Wisconsin, District III.
May 31, 2006.
Before Cane, C.J., Hoover, P.J., and Peterson, J.
¶1 PER CURIAM.
Mary Kowalski appeals a circuit court judgment affirming a Labor and Industry Review Commission decision. The Commission affirmed an Administrative Law Judge's decision that Kowalski was terminated from her employment with Pinewood Supper Club for misconduct and was therefore ineligible for unemployment benefits. Kowalski argues: (1) the Commission applied the wrong burden of proof; (2) the evidence does not support the Commission's findings of fact; and (3) the Commission's conclusions of law are erroneous. We reject Kowalski's arguments and affirm.

BACKGROUND
¶2 Kowalski was employed as a server at Pinewood Supper Club in Mosinee. On November 6, 2003, Pinewood terminated Kowalski's employment for violating Pinewood's rule that gratuities may only be added to customer bills at the customer's request.[1] Kowalski's termination occurred after a customer complaint from a large business group that dined at Pinewood the previous evening. The customer cancelled a reservation for that evening for another large group, asked about the restaurant's gratuity policy and indicated he had been told by Kowalski on November 5 that it was customary to add a 30% gratuity to bills for large groups.
¶3 After her termination, Kowalski applied for unemployment insurance benefits. An investigator from the Department of Workforce Development contacted Pinewood to determine the reason for Kowalski's termination; Pinewood indicated "attempted theft and directly lying to our customer." On November 21, the Department determined that Kowalski was discharged for misconduct connected with her employment and accordingly denied benefits.
¶4 Kowalski appealed the Department's determination. At the hearing before the ALJ, Kowalski testified that she did not suggest any particular gratuity, but the customer requested she add 25%. The customer testified that when Kowalski presented the bill to him, she told him the restaurant's policy for large parties was a 30% gratuity. The customer further testified that, when he balked at Kowalski's suggested amount, she suggested 25%, to which he agreed because he did not want to argue in front of his clients.
¶5 The ALJ found the customer was a more credible witness than Kowalski and affirmed the Department's determination that Kowalski had been discharged for misconduct. Kowalski petitioned the Commission for review of the ALJ's decision. The Commission adopted the ALJ's findings and affirmed. The Commission noted that neither it nor the ALJ had treated Kowalski's termination "as one for alleged theft." Kowalski then commenced this action, seeking review of the Commission's decision. The circuit court affirmed the Commission.

STANDARD OF REVIEW
¶6 We review the decision of the Commission, not the circuit court. Secor v. LIRC, 2000 WI App 11, ¶8, 232 Wis. 2d 519, 606 N.W.2d 175. Judicial review is "confined to questions of law." W IS STAT. § 108.09(7)(b).[2] We uphold. the Commission's findings of fact as long as they are supported by substantial and credible evidence. Cornwell Pers. Assocs., Ltd. v. LIRC, 175 Wis. 2d 537, 544, 499 N.W.2d 705 (Ct. App. 1993). We may not substitute our "judgment for that of the commission as to the weight or credibility of the evidence on any finding of fact." WIS. STAT. § 102.23(6). We may only reverse if the Commission "acted without or in excess of its powers," "the order or award was procured by fraud," or "the findings of fact by the commission do not support the order or award." WIS. STAT. § 102.23(1)(e).
¶7 The primary issue on appeal is whether Kowalski's conduct was misconduct under WIS. STAT. § 108.04(5). The Commission's legal determination that an employee's actions amount to misconduct is entitled to great weight deference because the Commission has been administering the statute for many years and because the legal question of misconduct is intertwined with factual and policy determinations. Charette v. LIRC, 196 Wis. 2d 956, 960, 540 N.W.2d 239 (Ct. App. 1995).

DISCUSSION
¶8 Kowalski argues the Commission exceeded its authority because it applied an incorrect legal standard when evaluating whether her termination was the result of misconduct. Kowalski contends the Commission improperly "recast" the employer's allegations to a simple rule violation, rather than the criminal conduct of theft that the employer reported. Accordingly, she argues, the Commission should have applied the clear and convincing evidence burden of proof applicable when an allegation of criminal conduct is made, and the Commission erred by using the preponderance of the evidence burden of proof.
¶9 Eligibility for unemployment benefits is delegated by statute to the Department and Commission. Roberts v. Industrial Comm'n, 2 Wis. 2d 399, 403, 86 N.W.2d 406 (1957). The Commission is not confined to analyzing the issue based on the terminology utilized by the employer. Instead, the Commission must analyze the issue presented by the facts. Here, none of the administrative agency decisions are based on criminal conduct by Kowalski, nor was it necessary for the Commission to have found a criminal act in order for misconduct to have occurred. Pinewood's use of the phrase "attempted theft" in its response to the Department did not require the Commission to treat the case as one involving criminal conduct or apply the higher burden of proof.
¶10 Kowalski argues there is no credible evidence to support the Commission's finding of fact that the customer was a credible witness. She contends there was no evidence from which the ALJ could conclude the customer lacked a motive to lie. Kowalski's argument turns our standard of review on its head by suggesting there must be specific evidence to support the ALJ's credibility determination. Here, Kowalski testified to one version of events, the customer to a second version of events. The ALJ's finding, adopted by the Commission, that the customer's account was more credible will not be disturbed on appeal. See WIS. STAT. § 102.23(6) (court may not substitute its "judgment for that of the commission as to the weight or credibility of the evidence on any finding of fact").
¶11 Kowalski argues there is no credible evidence to support the Commission's finding of fact that she acted with a substantial disregard of the employer's interest. Kowalski contends that Pinewood's assertions that its gratuity policy is important and a violation of its policy is a substantial disregard of its interests are undermined by Pinewood detailing the policy only in an informal employee newsletter and by its own credit card receipts, which were printed with gratuity calculations of various percentages at the bottom. Thus, Kowalski contends her conduct in suggesting a 30% gratuity was merely poor judgment, not a substantial disregard of Pinewood's interest.
¶12 However, the record supports the Commission's finding that Kowalski acted with substantial disregard to Pinewood's interests. She was informed of the gratuity policy orally and in an employee newsletter. Kowalski ignored the policy, the customer was upset by Kowalski's failure to follow the policy, and Pinewood's business immediately suffered due to the cancelled reservation. That other evidence could support a different finding is not a basis to disturb the Commission's finding.
¶13 Finally, Kowalski argues the Commission erred by concluding her conduct constituted misconduct. "Misconduct" is not defined in WIS. STAT. ch. 108, but has been defined by our supreme court as:
conduct evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good-faith errors in judgment or discretion are not to be deemed "misconduct" within the meaning of the statute.
Boynton Cab Co. v. Neubeck, 237 Wis. 249, 259-60, 296 N.W. 636 (1941).
¶14 Kowalski contends that her rule violation was an isolated incident of unsatisfactory work or disregard of the employer's instructions and did not constitute misconduct. She supports her argument by analogizing from other Commission decisions. However, administrative agencies are not bound by the rule of stare decisis. Nelson Bros. v. DOR, 152 Wis. 2d 746, 756, 449 N.W.2d 328 (Ct. App. 1989). Here, the Commission concluded that, in light of Kowalski having been advised of the policy in June 2003, her actions on November 5, 2003, were a willful and substantial disregard of Pinewood's interests and the standards of behavior Pinewood had a right to expect of its employees. The Commission's conclusion is entitled to great deference, see Charette, 196 Wis. 2d at 960, and is supported by the record.
By the Court.  Judgment affirmed.
NOTES
[1] The gratuity policy was printed in a June 2003 employee newsletter: "Absolutely no gratuities are added for any reason. If the guest requests the add on, the cashier or bartender will add it and pay it out accordingly." (Emphasis in original.)
[2] All references to the Wisconsin Statutes are to the 2003-04 version unless otherwise noted.